Herbert, J.,
dissenting. I feel constrained to add my voice, ineffective though it be, to the contention designated in the majority opinion as along the vox populi vox Dei philosophy.
I have thought that one of our basic concepts of democratic government is that in most governmental matters, exclusive of the protection of individual rights and liberties guaranteed by our Constitutions, we are controlled by the expression of the majority.
Section 709.17, Revised Code, was enacted in 1941 to provide for a vote by the electors of the area sought to be annexed upon petition of a municipal corporation.
Section 709.16, Revised Code, provides that “when a petition for the annexation of contiguous territory by a municipal corporation is presented to the Board of County Commissioners, proceedings shall be had in all respects, so far as applicable, as are required by Sections 709.02 to 709.12, inclusive, of the Revised Code.” * * * (Emphasis supplied.)
Considering those sections then, we find that Section 709.03, Revised Code, provides that when a petition for annexation is addressed to the Board of County Commissioners, signed by a *164 majority of the freeholders residing in such territory, “the same proceedings shall be had as far as applicable, * * * as are required in case of an application to be organized into a village under Sections 707.01 to 707.30, inclusive, of the Revised Code.” (Emphasis supplied.)
Thus by a double reference, Section 707.07 comes under examination, as far as applicable. That section provides that the Board of County Commissioners, before it enters an order on its journal allowing the proposed incorporation of a village, must find that:
(A) The petition contains all the matters required;
(B) The statements in the petition are true;
(C) The name proposed is appropriate;
(D) The limits of the proposed municipal corporation are accurately described and are not unreasonably large or small;
(E) The map or plat is accurate;
(F) The persons whose names are subscribed to the petition are electors residing in the territory;
(G) Notice has been given as required;
(H) There is the requisite population for the proposed municipal corporation;
(I) It is right that the prayer of the petition be granted.
It is obvious, since they provide for a final check on facts which are easily ascertainable, that (A), (B) and (E) are applicable here, and it is equally obvious that (C), (F) and (H) are inapplicable. The applicability of (G) is not at issue. To hold (D) applicable requires the substitution therein of the words, “the territory proposed to be annexed,” in place of the words, “proposed municipal corporation.” With that substitution, it is incumbent upon the Board of County Commissioners to ascertain the accuracy of the limits described, as it admittedly did here. As to the remaining language of (D), requiring the Board of County Commissioners to find that the limits are “not unreasonably large or small,” and as to (I), the exercise of the discretion of the Board of County Commissioners is called for.
Section 709.17, Revised Code, provides that annexation proceedings shall be stayed until the result of the election provided for is known. It then provides that, if a majority of the *165 electors of the area voting in the election favor annexation, “proceedings shall begin within 90 days to complete annexation.” (Emphasis supplied.)
The decision here nullifies the effect of the above-emphasized words to such an extent that they might just as well have read, “as provided in Section 709.16, Revised Code.”
I can come only to the conclusion that the General Assembly, in the enactment of Section 709.17, removed from the Board of County Commissioners its discretionary authority originally and properly vested in it in connection with the creation of villages, and that such board cannot, in good faith or otherwise, thwart the expressed will not only of the legislative authority of the municipal corporation seeking to annex certain territory but also of the majority of the electors of the territory sought to be annexed.
At least one beneficial effect of this decision will be to put the issue up to the Legislature in the future as to the extent of the discretionary power remaining in a Board of County Commissioners in annexation proceedings such as that under consideration here.